## EARLE, ADM'R, vs. REID.

1. Plaintiff in detinue, having recovered only one of the slaves sued for, excepted to the rulings of the court against him, and took an appeal, but afterwards coerced satisfaction of the judgment; this fact having been brought to the knowledge of the appellate court by affidavits, he was required to make restitution by the next term of the court; and now, having failed to comply with this order, his appeal was dismissed.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. GEO. D. SHORTRIDGE.

MOTION to dismiss the appeal, and affirm the judgment, because the appellant had failed to comply with an order, made at the last term, directing him to make restitution of a slave which he had recovered under the judgment of the court below, before he could be heard to assign errors in that judgment.

WM. S. MUDD, for the motion, cited Hall v. Habrowski, 9 Ala. 278; Bradford v. Bush, 10 Ala. 274; McCreliss' Distributees v. Kinkle, 17 *ib.* 459; Knox v. Steele, 18 *ib.* 815; Tarleton v. Goldthwaite, 23 *ib.* 346.

E. W. PECK, *contra*, insisted, that the order made at the last term might be reconsidered, as the cause was still *in fieri;* that the motion to dismiss the appeal was addressed to the sound discretion of the court (Steele v. Knox, 18 Ala. 817), and should not be granted under the peculiar circumstances of the case; and that a judgment at law (particularly in the action of detinue, where the judgment is not *in solido*) is not necessarily an entire thing, which must be either affirmed or reversed in whole.—Dennison v. Collins, 1 Cowen 111; Smith v. Jansen, 8 Johns. 111; *ib.* 558; 15 *ib.* 195; 3 Mass. 270; 5 *ib.* 420; 13 *ib.* 195, 433; 7 Wend. 147; 5 Hill (N. Y.) 442; 4 Burr. 2021; Bac. Abr., "Error," M.

CHILTON, C. J.—The appellant brought detinue for several negro slaves; but recovered a judgment only for one.—He insists, that but for an erroneous ruling of the court be-

low, he should have recovered the whole number sued for. He appealed from the judgment, to the last term of this court, and notwithstanding the appeal, went on to coerce satisfaction of the judgment. This fact being made to appear by affidavits, we felt constrained, under our previous decisions, to order restitution to be made by the present term of this court, or, in case of failure, that the judgment should be affirmed, or the appeal dismissed.

It is now conceded that restitution has not been made, but it is insisted that having control over the previous order, which is *in fieri*, we should affirm the judgment as to the slave recovered, and proceed and examine the errors as to the other slaves, and reverse and remand as to them.

It is certainly true, that there are many cases where the appellate court may reverse a judgment in part, and affirm as to the residue ; but we apprehend these are cases where the appellate court proceeds to correct the judgment of the inferior tribunal, and renders such judgment as that court should have rendered. This we frequently do. We have, however, seen no case, and we apprehend none can be found, where in a proceeding in the common-law court, a plaintiff in error has had a judgment affirmed for all that he has recovered in the cause below, and has procured a reversal of the judgment as to what he failed to recover, with an order remanding that portion of the cause for a subsequent trial. This would be to split up a cause, and render several judgments in one suit, for different portions of the property sued for. We know of no precedent, nor any rule of practice, which would sanction this. If the judgment is for one slave, when it should have been for several, it is erroneous ; and in order to recover the whole number sued for, it must be reversed, that upon another trial the party may recover the proper judgment. But in this case the plaintiff has affirmed the correctness of the judgment, by going on to enforce its satisfaction; he fails to place his adversary in *statu quo* upon the requisition of this court; the consequence is, he cannot be heard to assign errors upon it.

Let the appeal be dismissed at the cost of the appellant.